# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1125
_____

United States of America

*Plaintiff - Appellee*

v.

Nikolai Monastyrski

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: September 28, 2018
Filed: November 8, 2018
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.
_____

PER CURIAM.

Nikolai Monastyrski used shell companies and stolen identities to cheat the states of Iowa, Illinois, and Pennsylvania out of hundreds of thousands of dollars in unemployment-insurance benefits. Despite the multi-jurisdictional nature of his operation, the fourteen counts of mail and wire fraud to which Monastyrski pleaded guilty in this case involved only Iowa. He argues that the geographic limit of his

convictions also serves as the boundary line for his restitution obligations. The district court[1] disagreed and ordered Monastyrski to pay restitution to Illinois and Pennsylvania too. We affirm.

Defendants convicted of property crimes must "make restitution to the victim[s] of the offense." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). When the existence of a "scheme" is an element of the defendant's crime, as it is here, the term "victim" includes "any person directly harmed by the defendant's criminal conduct in the course of the scheme." *Id.* § 3663A(a)(2); *see also id.* §§ 1341, 1343 (defining mail and wire fraud as requiring a "*scheme* or artifice to defraud" (emphasis added)). This means that if Illinois and Pennsylvania suffered harm "in the course of" the same fraudulent "scheme" as Iowa, the district court could award restitution to those two states as well. *Id.* § 3663A(a)(2); *see also United States v. Welsand*, 23 F.3d 205, 207 (8th Cir. 1994) (applying an identical definition of "victim" in a different restitution statute to a mail-fraud conviction). If, on the other hand, Monastyrski is correct that he perpetrated "separate, albeit similar, schemes" against each state, then neither state was entitled to restitution.

To define the relevant "scheme," "we look to the scope of the indictment." *United States v. Ramirez*, 196 F.3d 895, 900 (8th Cir. 1999) (internal quotation marks and citation omitted). If "the indictment details a broad scheme encompassing transactions beyond those alleged in the counts of conviction," a district court can order restitution for all of the victims of the scheme, not just those harmed by the specific conduct charged. *United States v. Bush*, 252 F.3d 959, 963 (8th Cir. 2001) (internal quotation marks and citation omitted); *see also, e.g.*, *Welsand*, 23 F.3d at 207 (upholding restitution for fraud occurring years before the first charged count, because the indictment indicated it was part of the same scheme). We are faced with

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

this precise situation: the indictment alleged a single broad "scheme and artifice to defraud . . . the States of Iowa, Illinois, and Pennsylvania," even though it provided detail only on the transactions involving Iowa.

Labeling this a single "scheme" was hardly a stretch. According to the undisputed facts, the operation looked largely the same across each of the three states. In fact, Monastyrski recycled some of the same fake companies and employees in defrauding each state. And even though he defrauded the states one at a time, he was constantly looking ahead to the next state by registering fake companies and filing paperwork in one while actively defrauding another. Such preplanned, "interrelated" conduct easily qualifies as a single ongoing scheme. *Welsand*, 23 F.3d at 207.

In short, Iowa, Illinois, and Pennsylvania were all victims of Monastyrski's scheme. Monastyrski must therefore repay all three.

_____